CITY OF THORNTON and
CIRSA, Petitioners,

v.

Kent REPLOGLE and The Industrial
Claim Appeals Office of the State
of Colorado, Respondents.

No. 93CE0003.

Colorado Court of Appeals,
Div. III.

Dec. 2, 1993.

Rehearing Denied Jan. 20, 1994.

Certiorari Denied May 9, 1994.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Laura L. Butler, Denver, for petitioners.

Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Dennis E. Valentine, Ellen M. Kelman, Denver, for respondent Kent Replogle.

No Appearance for respondent Industrial Claim Appeals Office.

Griffiths & Tanoue, P.C., Tami A. Tanoue, Denver, for amicus curiae Colorado Mun. League and County Workers' Compensation Pool.

Opinion by Judge METZGER.

In this workers' compensation case, we granted certiorari to determine whether the language of § 8–41–301(2)(b), C.R.S. (1993 Cum.Supp.) limits the award of temporary disability benefits in a mental impairment claim to 12 weeks. We conclude that it does not, and therefore, we affirm the order of the ICAO.

After a hearing, the Administrative Law Judge (ALJ) determined that this claim for mental impairment was compensable, and that finding is not at issue in this review. The ALJ also held that petitioners, City of Thornton and CIRSA, were required to pay respondent Kent Replogle (claimant) continu-

ing temporary total disability benefits "until terminated by law." Thus, an award of temporary disability benefits in excess of 12 weeks has been received by the claimant.

In construing § 8–41–301(2)(b), the Panel considered other provisions of the Workers' Compensation Act and also reviewed the legislative history, but it concluded that there did not appear to be any discussion by the General Assembly of the specific issue raised in this case. The Panel then affirmed the decision of the ALJ.

Section 8–41–301(2)(b) provides:

Notwithstanding any other provision of articles 40 to 47 of this title, where a claim is by reason of mental impairment the claimant shall be limited to twelve weeks of medical impairment benefits which shall be in an amount not less than one hundred fifty dollars per week and not more than fifty percent of the state average weekly wage, inclusive of any temporary disability benefits. This limitation shall not apply to any victim of a crime of violence.

Petitioners assert that the plain meaning of the statute imposes an absolute 12–week cap on any type of disability benefits awarded for mental impairment and argue that such a construction gives a fair reading to the words "inclusive of any temporary benefits." Conversely, claimant reasons that the same phrase means that temporary disability benefits may be offset against the maximum award of 12 weeks of "medical impairment benefits."

■ When a court is construing a statute, the intent of the General Assembly is to be ascertained and given effect whenever possible. When discerning such intent, this court looks first and foremost to the language of the statute itself. If a term is defined in a statute, statutory construction requires that the term be given its statutory meaning. *R.E.N. v. Colorado Springs,* 823 P.2d 1359 (Colo.1992).

■ Statutory construction also requires that the various provisions of an act be read together with all other portions relating to the same subject or having the same general purpose in order to discern the legislative intent. *R.E.N. v. Colorado Springs, supra;* *In re Marriage of Ford,* 851 P.2d 295 (Colo. App.1993).

■ Here, the Panel noted that the term "medical impairment benefits," used in § 8–41–301(2)(b), has a precise meaning under the 1991 amendments to the Workers' Compensation Act. Specifically, the term is defined in §§ 8–42–107(1)(a) and 8–42–107(8)(a), C.R.S. (1993 Cum.Supp.), which provide that "medical impairment benefits" are awarded when an injury results in permanent medical impairment. Thus, the Panel concluded, and we agree, that § 8–41–301(2)(b) is directly concerned with awards for medical impairment benefits, which by definition, are payable for permanent disability.

The statute does not contain any express limitation on awards for temporary disability benefits. Accordingly, in view of the clear statutory distinction between medical impairment benefits and temporary benefits, the Panel determined, and we agree, that the best reading of § 8–41–301(2)(b) is that an award for medical impairment benefits is limited, and an ALJ may reduce the potential award of medical impairment benefits by amounts that the claimant may have received as temporary disability benefits.

The Panel also noted that the combined amount of temporary disability benefits and permanent partial disability benefits is limited by § 8–42–107.5, C.R.S. (1993 Cum.Supp.) (providing for a $60,000 cap when the impairment rating is 25 percent or less and for a $120,000 cap when the impairment rating is greater). It concluded that, if the General Assembly had intended to enact an absolute 12–week cap on medical impairment benefits and temporary disability benefits payable for a mental impairment claim, it could easily have done so. We agree with this conclusion. *Cf. Campion v. Barta Builders,* 780 P.2d 23 (Colo.App.1989).

Order affirmed.

PLANK and HUME, JJ., concur.