**CITY OF THORNTON and CIRSA, Petitioners,**

v.

**Kent REPLOGLE and Industrial Claim Appeals Office, Respondents.**

**No. 94SC66.**

Supreme Court of Colorado, En Banc.

Jan. 17, 1995.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Andrew J. Fisher, Denver, for petitioners.

Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Dennis E. Valentine, Ellen M. Kelman, Denver, for respondent Kent Replogle.

Industrial Claim Appeals Office, Dona Halsey, Denver, for respondent Indus. Claim Appeals Office.

Justice MULLARKEY delivered the Opinion of the Court.

We granted the petition for certiorari filed by the City of Thornton and its insurer, CIRSA, (collectively referred to as the employer) to review a workers' compensation decision of the court of appeals which upheld a determination by the Industrial Claim Appeals Office (ICAO) and an Administrative Law Judge (ALJ) that employee Kent Replogle's mental impairment injury is compensable until he attains maximum medical improvement and ordered the employer to pay temporary disability benefits until terminated by law. *City of Thornton and CIRSA v. Replogle and the Industrial Claim Appeals Office,* 873 P.2d 30 (Colo.App.1993). The employer is seeking review of the determination that Replogle is entitled to receive temporary disability benefits for more than twelve weeks.

We affirm the decision of the court of appeals. We hold that the statutory scheme limits only permanent disability benefits paid

for mental impairment to twelve weeks, and does not similarly limit temporary disability benefits paid for mental impairment. Although temporary disability benefits for mental impairment are not subject to the twelve-week time limit, they are limited by the conditions specified in section 8–42–105, 3B C.R.S. (1994 Supp.), concerning temporary total disability. Further, the employer is entitled to offset any temporary disability benefits paid for mental impairment against any award of permanent disability benefits for mental impairment.

## I.

The City of Thornton hired Replogle as a full time firefighter in 1981. On December 10, 1991, Replogle responded to an emergency call at an apartment complex. At the complex, Replogle discovered that a young boy with whom he was acquainted had been seriously injured in a pool accident. Police officers already at the scene were trying to resuscitate the boy. Shortly thereafter, Replogle carried the boy to an ambulance where he continued resuscitation efforts. On December 15, 1991, Replogle learned that the boy had died from injuries sustained in the December 10 incident.

After hearing of the boy's death, Replogle had difficulty sleeping, was unable to concentrate, and experienced disturbing and traumatic flashbacks concerning his attempts to resuscitate the boy. He consulted two psychologists who concluded that Replogle was experiencing trauma from the boy's death.

Replogle filed a claim for workers' compensation benefits in which he alleged that he was suffering from post-incident traumatic stress. After a hearing, an ALJ concluded that Replogle suffered mental and emotional stress caused by his attempted rescue of the boy, and that the stress arose primarily from Replogle's occupation and place of employment. The ALJ also held that the mental impairment was sufficient to render Replogle temporarily totally disabled and awarded continuing temporary total disability benefits "until terminated by law."

The employer agreed that Replogle suffered a compensable injury due to mental impairment, but contended that his temporary total disability benefits were limited to twelve weeks. The Industrial Claim Appeals Office and the court of appeals rejected the employer's argument and affirmed the holding of the ALJ. The court of appeals held that the mental impairment provision did not contain any express limitation on awards for temporary disability benefits. Under this interpretation, Replogle was entitled to mental impairment benefits until he reached maximum medical improvement. We affirm the court of appeals' holding that mental impairment benefits in this case for temporary total disability benefits may continue beyond twelve weeks.

## II.

### A.

The employer asks this court to hold that the ALJ, the ICAO, and the court of appeals incorrectly interpreted section 8–41–301(2)(b), 3B C.R.S. (1994 Supp.). The employer argues that the statute limits all benefits recoverable by a claimant for injuries to a total of twelve weeks, including both temporary and permanent disability benefits. We disagree.

In interpreting a comprehensive legislative scheme, the supreme court must give meaning to all portions thereof and construe statutory provisions to further legislative intent. *A.B. Hirschfeld Press, Inc. v. City and County of Denver,* 806 P.2d 917, 920 (Colo.1991). The first goal of the court in construing a statute is to ascertain and give effect to the General Assembly's intent. To ascertain the legislative intent, courts must look to the statutory language in question. *Colorado State Board of Medical Examiners v. Saddoris,* 825 P.2d 39 (Colo.1992). Where statutory language is clear and unambiguous, there is no need to resort to interpretative rules of statutory construction. *Griffin v. S.W. Devanney & Co., Inc.,* 775 P.2d 555 (Colo.1989). If the language is ambiguous or unclear, we may resort to the legislative history to interpret the statutory language. *People v. Terry,* 791 P.2d 374 (Colo.1990). With these principles in mind, we will turn to the case before us.

### B.

■ Under the workers' compensation statute, a worker suffering a disability is entitled to two general types of coverage: temporary disability benefits (sections 8–42–105 & 106, 3B C.R.S. (1994 Supp.)), and permanent disability benefits (section 8–42–107 & 111, 3B C.R.S. (1994 Supp.)).

Temporary disability benefits typically terminate when a claimant attains maximum medical improvement or when other statutorily specified conditions occur. *See* § 8–42–105(3) and § 8–42–106.[1] When temporary disability benefits end, the claimant may become eligible for permanent disability benefits, which are determined pursuant to section 8–42–111, section 8–42–107(2) and section 8–42–107(8). Section 8–42–107(2) is a schedule defining the maximum length of time for which compensation will be awarded for particular injuries. *See generally Duran v. Industrial Claim Appeals Office*, 883 P.2d 477 (Colo.1994) (upholding constitutionality of scheduled benefits). Section 8–42–107(8) addresses permanent medical impairment for other injuries not covered under the schedule. This subsection outlines a complex calculation for determining the time period for which permanent medical benefits are available after maximum medical improvement has occurred. Although "medical impairment" is not specifically defined under the statute, it is a term used to describe permanent disability. *See* § 8–42–107. Indeed, that section often refers to "permanent medical impairment."

Some confusion arises in this case because of the legislature's usage of two very similar terms: "medical impairment," discussed above, and "mental impairment," a new term introduced by the 1991 statutory amendments. Section 8–41–301(2)(b), the mental impairment subsection, was added as part of a major revision to the Workers' Compensa-

tion Act. *See* 1991 Sess. Laws p. 1294. Ch. 219, S.B. 91–218. The mental impairment subsection allows both permanent and temporary disability benefits to be awarded upon a finding of mental impairment. Section 8–41–301(2)(b) provides:

> The mental impairment which is the basis of the claim must have arisen primarily from the claimant's then occupation and place of employment. Notwithstanding any other provision of articles 40 to 47 of this title, *where a claim is by reason of mental impairment the claimant shall be limited to twelve weeks of medical impairment benefits which shall be in an amount not less than one hundred fifty dollars per week and not more than fifty percent of the state average weekly wage,* inclusive of any temporary disability benefits. *This limitation shall not apply to any victim of a crime of violence.*

§ 8–41–301(2)(b) (emphasis added).

"Mental impairment," under the statute, is defined as:

> ... a disability arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no physical injury and consists of a psychologically traumatic event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in similar circumstances.

§ 8–41–301(2)(a), 3B C.R.S. (1994 Supp.).

The employer claims that the clause "inclusive of any temporary disability benefits" in subsection 301(2)(b) quoted above limits temporary disability benefits for mental impairment to twelve weeks. It puts particular emphasis on the introductory "notwithstanding" phrase. We disagree with the employer's analysis. In our view, it improperly

---

1. "Maximum medical improvement" is defined as follows:

   "Maximum medical improvement" means a point in time when any medically determinable physical or mental impairment as a result of injury has become stable and when no further treatment is reasonably expected to improve the condition. The requirement for future medical maintenance which will not signifi-

cantly improve the condition or the possibility of improvement or deterioration resulting from the passage of time shall not affect a finding of maximum medical improvement. The possibility of improvement or deterioration resulting from the passage of time alone shall not affect a finding of maximum medical improvement.

§ 8–40–201(11.5), 3B C.R.S. (1994 Supp.).

construes "medical impairment benefits" and fails to treat the statute as a whole.

Initially, we note that "mental impairment" and "medical impairment" are not synonymous. Rather, both are terms of art in the Workers' Compensation Act. By the express terms of section 8–41–301, *mental* impairment is a condition eligible for *medical* impairment benefits. Mental impairment qualifies for both temporary and permanent disability benefits. *See* § 8–41–301(2)(b) and (2)(d). Medical impairment, as discussed above, is used only to describe permanent disability benefits.

The overall scheme of the Act provides different limitations of coverage for permanent disability benefits and for temporary disability benefits. Section 8–42–107(2) limits the time period for which permanent medical impairment benefits are available according to the type of injury. The rationale for such a limitation on permanent medical impairment benefits, as both parties have agreed, is to limit costs. According to its legislative history, the 1991 amendment also was adopted as a cost control measure to limit mental impairment benefits for permanent disability to twelve weeks.[2]

However, the 1991 amendment does not limit mental impairment benefits for temporary disability. This was no drafting error, and the reason for this omission is apparent when the Act is read as a whole. No special limitation was needed in the 1991 amendment because temporary disability benefits are limited elsewhere in sections 8–42–105 and 8–42–106. Once "maximum medical improvement" for a temporary disability occurs, then temporary disability payments end. Thus, in this case, once Replogle attains maximum medical improvement for his mental impairment, his temporary disability payments will end.

This separate and distinct treatment of the two types of benefits available for mental impairment is consistent with the statutory treatment of temporary and permanent benefits for other types of disability. The closest analogy is that, under the 1991 amendment, mental impairment is treated like a scheduled award. Under the scheduled list for permanent medical impairment, coverage is limited to a specific number of weeks for a particular injury such as blindness, deafness, or loss of a limb. Similarly, coverage for permanent mental impairment is limited to a specific number of weeks. Compare § 8–41–301(2)(b) (medical impairment benefits for mental impairment) *with* § 8–42–107(2) (scheduled awards for permanent partial disability benefits). Temporary disability benefits are limited in that they normally cease when an employee reaches maximum medical improvement, *see, e.g.,* section 8–42–106 (temporary partial disability). Temporary disability benefits for mental impairment are subject to the same limitation of maximum medical improvement under section 8–42–105(3) (temporary total disability).

Contrary to the employer's contention, the 1991 amendment providing that claimants are limited to twelve weeks of permanent disability benefits attributable to mental impairment "inclusive of any temporary disability benefits" does not limit temporary and permanent disability benefits to a total of twelve weeks. Rather, this language means that the dollar amount of any temporary disability benefits which the claimant receives for any mental impairment must be offset against the weekly dollar amounts authorized for permanent disability benefits under section 8–42–301.[3]

2. Senator Foster offered the following to explain this problem in the First Conference Committee on S.B. 218, the bill making substantial revisions to the Workers' Compensation Act:

> This all came, Senator Schroeder, out of attending a W.C.E.A. workers' comp[ensation] seminar in which the sales pitch was mental stress was going to be the next bellwether portion of the practice and that is really an area because it was so difficult and an IME [independent medical examination] isn't going to pin it down and give you the degrees to

examine and there was going to be some place they were going to blow the [workers' compensation] system wide open.

*See* Tape recording of the 6th Meeting on the First Conference Committee on Senate Bill 218, 58th General Assembly, First Reg.Sess. (May 4, 1991).

3. Our construction is supported by Representative Foster's remarks that the drafters of the amendments were following the example of New Mexico. *See* Tape Recordings of the 6th Meeting of the First Conference Committee on S.B. 218,

Finally, had the legislature intended to impose the twelve-week limitation on both temporary and permanent disability benefits resulting from mental impairment, it could have done so expressly in the 1991 amendment as it did in another context. Section 8–42–107.5, 3B C.R.S. (1994 Supp.), which was enacted as part of the same bill in 1991, specifically places a limitation on the combination of temporary and permanent disability payments by use of the word "and":

> No claimant whose impairment rating is twenty-five per cent or less may receive more than sixty thousand dollars from combined temporary disability payments *and* permanent partial disability payments.

§ 8–42–107.5 (emphasis added). *See* 1991 Sess. Laws p. 1311. Ch. 219, S.B. 91–218. Section 8–41–301(2)(b), on the other hand, has no such language.

### III.

In summary, we find that separate and distinct limitations on both temporary and permanent disability benefits for mental impairment are imposed by the statutory scheme. Permanent disability benefits for mental impairment (also known as medical impairment benefits) are limited by the 1991 amendment to twelve weeks. Temporary disability benefits for mental impairment are limited by maximum medical improvement. As Replogle concedes, the temporary disability benefits will be used as an offset if permanent benefits also are awarded.

For these reasons, we affirm the holding of the court of appeals.

VOLLACK, J., dissents.

ROVIRA, C.J., and SCOTT, J., join in the dissent.

Justice VOLLACK dissenting:

The majority holds that the twelve-week limitation on mental impairment benefits under section 8–41–301(2)(b), 3B C.R.S. (1994 Supp.), of the Workers' Compensation Act of Colorado operates only to limit permanent disability benefits and does not similarly limit temporary disability benefits. Maj. op. at 782–783. I disagree. Section 8–41–301(2)(b) unambiguously provides that claimants whose claims are premised on mental impairment are limited to twelve weeks of disability benefits, irrespective of whether those benefits are temporary or permanent. Because the statute explicitly restricts mental impairment benefits to a total of twelve weeks, I respectfully dissent.

### I.

In order to discern the majority's analysis, it is important to understand the benefit scheme created by the Workers' Compensation Act. As the majority correctly recognizes, the Workers' Compensation Act provides for two types of benefits to workers who are disabled by a work-related injury.

A worker who is temporarily disabled, either partially or totally, receives compensation which is calculated as a percentage of the worker's average weekly wages. *See* §§ 8–42–105(1), –106, 3B C.R.S. (1994 Supp.). Temporary benefits cease, generally, when the worker reaches "maximum medical improvement," which is a statutorily defined term. *Id.*[4]

The second type of disability benefit is available to workers who find themselves permanently disabled by a work-related injury. Those workers who suffer from a permanent medical impairment, but who are only

---

58th General Assembly, First Regular Session (May 4, 1991). Under the New Mexico scheme, only permanent disability payments for mental impairment are restricted. Temporary disability benefits are not restricted. *See* N.M.Stat.Ann. § 52–1–24 *et seq.* (Michie 1978).

4. Section 8–40–201(11.5), 3B C.R.S. (1994 Supp.), provides as follows:

"Maximum medical improvement" means a point in time when any medically determinable physical or mental impairment as a result of injury has become stable and when no further treatment is reasonably expected to improve the condition. The requirement for future medical maintenance which will not significantly improve the condition or the possibility of improvement or deterioration resulting from the passage of time shall not affect a finding of maximum medical improvement. The possibility of improvement or deterioration resulting from the passage of time alone shall not affect a finding of maximum medical improvement.

partially disabled, receive permanent disability benefits according to a statutory schedule. *See* § 8–42–107(1), (2), 3B C.R.S. (1994 Supp.). The schedule limits the number of weeks that permanent disability benefits are available for a variety of traumatic physical injuries, e.g., the loss of an eye or an arm. *Id.* Those workers with permanent medical impairments which are not included in the schedule receive benefits according to a rather complex calculation involving the extent of the medical impairment, an age factor, and other considerations. *See* § 8–42–107(8), 3B C.R.S. (1994 Supp.). Disability benefits for workers who are both permanently and totally disabled are not limited in time, and may continue throughout the worker's life.[5] *See* § 8–42–111, 3B C.R.S. (1994 Supp.).

A claimant must first establish eligibility for disability benefits before any benefits may be awarded.[6] Section 8–41–301, 3B C.R.S. (1994 Supp.), describes the "Conditions of Recovery" under the Act. Generally, an employee is entitled to compensation when the employee is injured, and when the injury arises out of and is in the course of employment. *See* § 8–41–301(1), 3B C.R.S. (1994 Supp.). In subsection (2) of section 8–41–301, the legislature included another "condition of recovery" under the Act: a description of and limitation to the disability benefits available for a claim based on the claimant's *mental* impairment.[7]

---

**5.** Section 8–40–201(16.5)(a), 3B C.R.S. (1994 Supp.), provides in relevant part: " 'Permanent total disability' means the employee is unable to earn any wages in the same or other employment."

**6.** The statutory provisions dealing with the amount and extent of disability benefits, both permanent and temporary, are found in Article 42 of Title 8, which carries the heading "Benefits." The statutory requirements for eligibility are included in Article 41 of Title 8, entitled "Coverage and Liability."

**7.** Section 8–41–301(2)(a), 3B C.R.S. (1994 Supp.), provides the following definition of "mental impairment":

"[M]ental impairment" means a disability arising from an accidental injury arising out of and in the course of employment when the accidental injury involves no physical injury and consists of a psychologically traumatic

---

II.

As with any case of statutory interpretation, the language of the statute is the starting point. *Moody v. Corsentino,* 843 P.2d 1355, 1370 (Colo.1993). Section 8–41–301(2)(b) of the Workers' Compensation Act, the statutory section at issue in this case, provides as follows:

The mental impairment which is the basis of the claim must have arisen primarily from the claimant's then occupation and place of employment. *Notwithstanding any other provision of articles 40 to 47 of this title, where a claim is by reason of mental impairment the claimant shall be limited to twelve weeks of medical impairment benefits* which shall be in an amount not less than one hundred fifty dollars per week and not more than fifty percent of the state average weekly wage, *inclusive of any temporary disability benefits.* This limitation shall not apply to any victim of a crime of violence.

(Emphasis added.)

The majority submits that the twelve-week limitation on mental impairment benefits restricts only permanent disability benefits because section 8–41–301(2)(b) states that the claimant is restricted to twelve weeks of "medical impairment benefits." According to the majority, "medical impairment benefits" is a term of art in the Workers' Compensation Act, which is used in section 8–42–107, 3B C.R.S. (1994 Supp.), to refer to permanent disability benefits only.[8] Maj. op. at

event that is generally outside of a worker's usual experience and would evoke significant symptoms of distress in a worker in similar circumstances.

**8.** Section 8–42–107 provides, in relevant part:

**Permanent partial disability benefits— schedule—medical impairment benefits—how determined.** (1) *Benefits available.* (a) When an injury results in permanent medical impairment, and the employee has an injury or injuries enumerated in the schedule set forth in subsection (2) of this section, the employee shall be limited to medical impairment benefits as specified in subsection (2) of this section.

(b) When an injury results in permanent medical impairment and the employee has an injury or injuries not on the schedule specified in subsection (2) of this section, the employee shall be limited to medical impairment benefits as specified in subsection (8) of this section.

784. The majority reasons that since the legislature used the term "medical impairment benefits," which refers to permanent disability benefits, the twelve-week limitation is akin to the schedule under section 8–42–107(2), which limits permanent disability benefits but not temporary disability benefits. Maj. op. at 785. The majority also asserts that section 8–41–301(2)(b) did not need to similarly limit temporary disability benefits for mental impairment because those benefits cease when the claimant reaches "maximum medical improvement." Maj. op. at 785. The majority therefore concludes that the legislature must have intended the restriction to apply to permanent disability benefits only.

## A.

In my judgment, section 8–41–301(2)(b) unambiguously provides that claims for compensation based on mental impairment are limited to twelve weeks of benefits, regardless of whether the type of benefits sought are temporary or permanent. I would, therefore, enforce section 8–41–301(2)(b) as written.

Section 8–41–301 clearly provides that, "notwithstanding" or *despite* other provisions in the Workers' Compensation Act which would otherwise control the extent of benefits awardable, when the claim for benefits arises from a mental impairment, those benefits are limited to twelve weeks. Furthermore, the statute states that the limitation *includes,* or is "inclusive of," temporary disability benefits. The majority claims that if the legislature had intended to impose the twelve-week limitation on both temporary and permanent disability benefits, it could have done so expressly. Maj. op. at 786. In my opinion, section 8–41–301(2)(b) is an express limitation on temporary and permanent mental impairment benefits.

## B.

The majority reaches the conclusion that the twelve-week limitation in section 8–41–301(2)(b) applies only to permanent disability benefits by construing that section's use of the term "medical impairment benefits," a term which is not defined in the Workers' Compensation Act. Assuming the majority is correct and that "medical impairment benefits" refers to permanent disability benefits, the majority's next analytical leap, that the Act's use of that term means that the limitation applies only to permanent disability benefits, is not, in my opinion, logical.

Under section 8–42–107, claimants who have a permanent medical impairment, and who are otherwise eligible for benefits, will receive permanent disability benefits limited in time according to either the schedule for specific injuries under section 8–42–107(2), or by the impairment calculation under section 8–42–107(8). The majority declares that the twelve-week limitation on mental impairment benefits functions in the same way as the scheduled limitations.

The majority states that the real meaning of the language in section 8–41–301(2)(b), "inclusive of any temporary disability benefits," is that amounts received by the claimant for temporary disability benefits can be set off against an award of permanent disability benefits. Maj. op. at 786. Not only does the majority's conclusion conflict with the language in section 8–41–301(2)(b), it also conflicts with the majority's analysis that the twelve-week limitation for mental impairment benefits is just like the scheduled limitations for permanent disability benefits under section 8–42–107(2). On the contrary, section 8–41–302(2)(b) limits mental impairment benefits, both permanent and temporary, to twelve weeks, whereas section 8–42–107(2) unquestionably provides that permanent disability benefits are awarded *in addition to* any temporary benefits already received.[9]

In essence, the majority has determined that temporary disability benefits for *medical* impairment and temporary disability benefits for *mental* impairment are treated iden-

---

**9.** Section 8–42–107(2) provides, in relevant part:
   **Scheduled injuries.** In case an injury results in a loss set forth in the following schedule, the injured employee, *in addition to compensation to be paid for temporary disability,* shall receive compensation for the period as specified: . . . . (Emphasis added.)

tically under the Workers' Compensation Act. I disagree. The legislature plainly carved out an exception to the statute's overall benefit scheme, limiting mental impairment claimants to a total of twelve weeks of benefits. The limitation is included in the section entitled "Conditions of Recovery," and it applies *notwithstanding* other portions of the Act which otherwise prescribe the limitations on disability awards.

In my opinion, the legislature provided a clear distinction between the overall twelve-week time limitation for mental impairment benefits and the other provisions in the Act which limit disability benefits for other types of impairments. Section 8–41–301(2)(b) is unambiguously written to restrict mental impairment benefits to a total of twelve weeks.

The court is not in the position to assess the wisdom of the legislature's choice in limiting mental impairment claimants to twelve weeks of benefits. Our only task is to interpret the legislation in keeping with the intent of the legislature, and our best indication of that intent comes from the statute's unambiguous language. I respectfully dissent.

I am authorized to say that Chief Justice ROVIRA and Justice SCOTT join in this dissent.