The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Steven E. CHAVEZ, Defendant–Appellant.

No. 94CA0729.

Colorado Court of Appeals, Div. IV.

Feb. 23, 1995.

Rehearing Denied March 23, 1995.

Certiorari Denied Aug. 28, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., A. William Bonner, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Steven E. Chavez, appeals the denial of his motion for post-conviction relief pursuant to Crim.P. 35(c). We affirm.

While driving an automobile, defendant struck a vehicle broadside on a highway ramp, killing two people and injuring four others. Defendant entered guilty pleas to two counts of vehicular homicide and two counts of vehicular assault. In exchange for the guilty pleas, the prosecution dismissed additional counts charging vehicular assault.

Defendant was sentenced to 48 years incarceration on the four convictions, and that sentence was upheld on appeal. *See People v. Chavez,* (Colo.App. No. 89CA1707, November 29, 1990) (not selected for official publication).

Defendant subsequently filed a Crim.P. 35(c) motion to vacate his guilty pleas, alleging that he had received ineffective assistance of counsel and that the pleas were not intelligently, voluntarily, and knowingly entered. The principal basis for the motion was an allegation that trial counsel had advised defendant that the maximum sentence he could receive was 24 years.

A hearing was held, at which the defendant's trial counsel, the defendant, the defendant's mother, and the prosecutor all testified. The court denied defendant's motion, concluding that trial counsel rendered competent assistance and that the record supported the determination that the pleas were voluntary.

I

■ Defendant first contends that the court erred in denying his motion based upon the claim of ineffective assistance. We are not persuaded.

In our view, the rule announced in *People v. Rael,* 681 P.2d 530, 532 (Colo.App.1984) is dispositive here:

Generally, trial counsel's erroneous assessment of the probable sentence does not constitute ineffective assistance of counsel; however, a statement of promise as to the sentence to be imposed, rather than an expression of opinion only, may constitute such ineffective assistance ... and, deliberate misrepresentations concerning sentencing which induce a guilty plea may also constitute ineffective assistance.

Here, defense counsel testified that in discussing the potential sentence for the guilty

plea "we talked in the area of 24 years." He also indicated that counsel and defendant did not review the aggravating factors which could apply to each count. Defendant's testimony was to the effect that he was "advised" that the maximum sentence would be 24 years.

However, defense counsel confirmed that no promises were made to defendant concerning sentencing. He also confirmed defendant's understanding that the court was not bound to impose any particular sentence and that the court would make the final decision on sentencing.

In addition, prior to the hearing to accept defendant's plea, a meeting was held with the attorney in the district attorney's office assigned to prosecute the case. The meeting was attended by defense counsel, defendant, and defendant's mother. Each testified in the Crim.P. 35(c) hearing relative to the discussion at the meeting.

The trial court found the prosecutor's testimony to be the more credible account of what transpired. The prosecutor testified to advising those present at the meeting that she would seek the maximum sentence that could be imposed for a guilty plea to the four charges. Further, the prosecutor stated that, "I let them know that 48 years was, in my opinion, appropriate." We are bound by the trial court's resolution of the conflict in testimony concerning this meeting. *People v. Palmer,* 888 P.2d 348 (Colo.App.1994).

Finally, at the hearing to accept defendant's plea, the court advised defendant that each of the sentences could be doubled based upon aggravating factors so that the sentence for each vehicular homicide could be as much as 16 years. The court also indicated that the sentences for vehicular assault could also be doubled and thus increased to as much as eight years.

The court then explained to defendant that the sentences could be made consecutive so that:

[T]hey could run one after the other. That is, finish one sentence before you start the next sentence because of the different victims.

Defendant confirmed that he understood the court's advisement.

The court then acknowledged that there had been a promise to dismiss other counts pending against defendant in exchange for his plea to the two vehicular homicides and the two vehicular assault charges. Thereafter, it inquired whether any other promises had been made to entice defendant to enter his guilty plea and defendant advised the court that no additional promises had been made.

The record, therefore, supports the trial court's implicit finding that no specific promise had been made by counsel concerning the sentence and that no deliberate misrepresentations could have been made to defendant concerning the sentence. Further, on this record we reject the contention that counsel's advice concerning the sentence must be characterized as either a promise or a deliberate misrepresentation. Hence, we perceive no error in the court's denial of defendant's motion on this ground.

By reason of our resolution of this issue, it is unnecessary for us to address defendant's contentions relative to the court's findings that he was not prejudiced by counsel's representation.

II

■ Defendant also contends that his plea was not intelligent, knowing, and voluntary. Again, we are not persuaded.

One of the requirements for entry of a constitutionally valid guilty plea is that the defendant understand the possible penalty or penalties which could be imposed. Crim.P. 11(b)(4); *Lacy v. People,* 775 P.2d 1 (Colo. 1989), *cert. denied sub nom. Colorado v. Lacy,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989).

Here, the record demonstrates that the court gave defendant a complete advisement with respect to the possible penalties in this case.

As noted, the court discussed not only presumptive and aggravated range penalties for each of the convictions, but also the differences between concurrent and consecutive sentences. Finally, defendant was also ad-

vised that the length of the sentence to be imposed was entirely up to the court. Defendant confirmed for the court that he understood those advisements.

Under these circumstances, we find no error in the trial court's determination that defendant failed to sustain his burden of demonstrating that the plea was involuntary.

The order is affirmed.

PLANK, J., concurs.

NEY, J., dissents.

Judge NEY dissenting.

I dissent. I believe the facts here are distinguishable from those in *People v. Rael*, 681 P.2d 530 (Colo.App.1984) which is relied on by the majority. Here, defendant's attorney gave erroneous legal advice regarding the maximum sentence defendant could receive. In contrast, in *Rael*, the attorney gave the defendant an erroneous *opinion* as to the maximum sentence that would be imposed.

It is uncontroverted that defense counsel's advice was that, if consecutive sentences were imposed, the maximum sentence that could be imposed would be 24 years. Defense counsel did not advise his client as to the possibility of an aggravated sentence.

I also disagree that *People v. Rael* is supportive of the majority opinion because no evidence of *deliberate* misrepresentation was presented. I would conclude that a negligent misrepresentation of the law constitutes ineffective assistance.

During the Crim.P. 11 proceeding, the court gave the proper advisement regarding the possible sentences in the presumptive range, the possibility of consecutive sentences, and the doubling of sentences if aggravating circumstances existed. However, defendant was not advised by anyone of the standards for imposing an aggravated sentence. Nor was he advised that, under the circumstances of his crimes, he was in jeopardy of receiving an aggravated sentence.

Therefore, I conclude that defense counsel's advice would lead a reasonable lay defendant to believe that the court's advisement regarding an aggravated sentence did not legally or factually apply to him.

I agree that, in certain respects, the district attorney's testimony regarding the meeting which she attended with defense counsel, defendant, and defendant's mother conflicted with defense counsel's recollection of the meeting, and that the trial court found that the district attorney's account of the meeting was more credible than that of defense counsel. However, the district attorney did not contradict defense counsel's testimony that he consistently led the defendant to believe that the maximum consecutive sentence that could legally be imposed was 24 years.

The prosecutor testified that she told defendant that she would ask the court for the maximum sentence because of the aggravated nature of the facts. That one of the victims indicated that it would be appropriate that defendant receive 48 years would not, in light of the advice of his attorney, lead defendant to believe that he was exposed to a sentence of more than 24 years.

When a defendant claims he has received ineffective assistance of counsel, a court must determine whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To prevail, the defendant has the burden of establishing: 1) that counsel's performance was deficient in that it fell below the level of reasonably competent assistance; and 2) that the deficient performance prejudiced the defense, resulting in a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Cole*, 775 P.2d 551 (Colo.1989).

Because there is a presumption of validity attached to a judgment of conviction, the burden is on the defendant in his Crim.P. 35(c) proceeding to prove both elements by a preponderance of the evidence. *People v. Naranjo*, 840 P.2d 319 (Colo.1992).

Although justice does not demand errorless representation, constitutional standards

requiring effective assistance of counsel demand that attorneys must satisfy minimal standards of competency. A defendant relying on a legally trained representative to answer criminal charges is entitled to assume that the attorney will provide sufficiently accurate legal advice to enable the defendant to fully understand and assess the legal proceedings in which he is involved. *People v. Pozo,* 746 P.2d 523 (Colo.1987).

When evaluating a defendant's claim of ineffective assistance based on omissions in advising a client, the trial court must judge the reasonableness of the attorney's conduct on the basis of all of the factual circumstances of the particular case, viewed in light of the prevailing standards of minimally acceptable professional conduct. This inquiry must include an initial determination of whether a specific body of law is relevant to the circumstances of the client and the matters for which the attorney was retained. *People v. Pozo, supra.*

Here, the inquiry by the trial court should have been directed at determining whether defense counsel had a duty to inform the defendant of the potential imposition of aggravated range penalties. *See People v. Pozo, supra.* But, the trial court did not make such an inquiry. Rather, it concluded that defense counsel's assistance fell within the range of competence as required in 1990 because counsel had arranged a meeting at which the defendant and his mother met with the district attorney to discuss aggravated range penalties. The trial court did not however, consider the advice given by defense counsel before this meeting, after this meeting, or after the providency hearing.

In my view, defense counsel did have a duty to inform the defendant of the possibility that sentences in the aggravated range might be imposed and his failure to do so was unreasonable under prevailing professional norms. *See People v. Dillon,* 739 P.2d 919 (Colo.App.1987).

The record shows that defendant, who was 19 years old at the time of the incident, had an extensive juvenile and adult criminal record. The record also reveals numerous references to the seriousness of the accident, the egregious conduct of the defendant prior to the accident, and to the fact that the district attorney intended to ask for the maximum sentence. These factors should have put defense counsel on notice that sentences beyond the presumptive range would be considered by the sentencing court.

I further conclude that defense counsel's erroneous advice prejudiced the defendant. Defendant testified at the Crim.P. 35(c) hearing that he completely trusted the information about sentencing given to him by his attorney, that he did not understand the court's advisement as it related to aggravated range penalties, and that he relied solely on the advice of his attorney in making his decision about entering the guilty pleas. Defendant also testified that he would not have entered the guilty plea had he understood that he faced a possible 48 years in prison. *See People v. Garcia,* 815 P.2d 937 (Colo. 1991) *Cert. denied sub nom. Colorado v. Garcia,* 502 U.S. 1121, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992). (The proper standard for resolving the issue of prejudice in assessing a claim of ineffective assistance is whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial).

Hence, in my view, both prongs of the *Strickland* test have been satisfied by a preponderance of the evidence. Accordingly, I conclude that defendant's trial counsel did not render effective assistance.

Defendant also contends that his plea was not intelligent, knowing, and voluntary. Inasmuch as I conclude that defendant received ineffective assistance of counsel, I would also agree that the plea here must be vacated.

One of the requirements for entry of a constitutionally valid plea of guilty is that the defendant understand the possible penalty or penalties which could be imposed. Crim.P. 11(b)(4).

Here, defendant could not have completely understood the possible penalties because his attorney repeatedly gave him misinformation and failed to completely explain the entire range of penalties which could be imposed. The omissions in defense counsel's advice rendered the pleas in this case constitutional-

ly infirm because they were not entered knowingly.

I would, therefore, reverse the conviction, permit the defendant to withdraw his plea, and remand for further proceedings.