The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Brett T. **WILLIAMS**, Defendant– Appellant.

Nos. 93CA0124, 93CA1538.

Colorado Court of Appeals, Div. I.

May 4, 1995.

Rehearing Denied June 8, 1995.

Certiorari Denied Jan. 8, 1996.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Sr. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Frances S. Brown, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

In this combined appeal, defendant, Brett T. Williams, appeals the denials of his motions for post-conviction relief pursuant to Crim.P. 35(c) and for reduction of sentence. We affirm.

Defendant was charged in 1985 with attempted first degree murder, first degree assault, second degree assault, violent crime, menacing, and possession of a controlled substance. Following a jury trial he was convicted of attempted second degree murder, both assault charges, and three counts of crime of violence. The trial court sentenced defendant in 1986 to the Department of Corrections for 24 years on the attempted murder conviction, a concurrent 18–year term on the first degree assault conviction, and a 10- year term on the second degree assault conviction. The 10–year term was ordered to run consecutively to the other sentences pursuant to § 16–11–309, C.R.S. (1986 Repl.Vol. 8A).

Defendant subsequently appealed and his conviction and sentence were affirmed. *See People v. Williams,* (Colo.App. No. 86CA1268, October 13, 1988) (not selected for official publication). Following the issuance of the mandate, defendant filed, *pro se,* a motion for post-conviction relief pursuant to Crim.P. 35(c), alleging ineffective assistance of counsel. The motion was summarily denied.

On appeal, a division of this court reversed the trial court, concluding not only that the trial court erred in not making findings with respect to the motion, but also that the allegations in the motion required factual determinations which could only be made following a hearing. Hence, the cause was remanded. *See People v. Williams,* (Colo.App. No. 91CA0214, December 19, 1991) (not selected for official publication).

Counsel was appointed to represent the defendant on the Crim.P. 35(c) motion. A hearing was scheduled before a different judge. At the hearing, defendant testified that his trial attorney had not given him accurate advice about the maximum sentence he could receive if he proceeded to trial. Defendant said he was told that he faced a sentence of somewhere between 16 and 32 years if convicted of the crimes charged. He further stated that he was never informed that the second degree assault charge carried a mandatory consecutive penalty. He maintained that had he known that he faced the possibility of 64 years incarceration in this case, he would have accepted an offer from the district attorney to plead guilty rather than proceed to trial and take the chance of receiving a very lengthy sentence.

In support of defendant's testimony, his counsel in the Crim.P. 35(c) matter introduced a transcript of defendant's sentencing hearing. At that hearing, defendant's then trial counsel made the following statements upon learning that defendant could be sentenced consecutively on one of the assault charges:

I would like to clarify something. As I understood it, Mr. Williams was facing concurrent sentencing on all of these charges. Did I just understand that that's not the case?

After the matter was clarified for defense counsel he went on to say:

It was my understanding at all times throughout this case, including the plea negotiations with [the prosecutor] and most particularly in terms of what I advised my client, including what I advised him five minutes before we convened in court this morning, that he was facing 16 to 32 years on this case.

Defendant's trial counsel also testified at the hearing on the Crim.P. 35(c) motion. He acknowledged making the statements about a 16 to 32–year sentence at the sentencing hearing. He stated, however, that he knew all along that the maximum penalty for the charges his client faced was more than 32 years. His notes reflected that he discussed with defendant the possibility of a 48–year sentence on the attempted first degree murder charge alone. He further testified that it was always his practice to inform his clients of the maximum sentence they faced and that it was "highly likely" that he advised this defendant that he faced a potential sentence of more than 32 years.

Defense counsel further stated that he was confident he had discussed with the defendant the possibility of discretionary consecutive sentences totalling 64 years. Finally, he testified that the only reason he made the statements at the sentencing hearing was his surprise in realizing that one of the sentences carried a *mandatory* consecutive term.

The court denied defendant's motion, concluding that defense counsel had not rendered ineffective assistance in this case. After reviewing the testimony, and expressing an opinion on the credibility of the two witnesses, the trial court determined that defendant had failed to establish both the deficient performance and the prejudice prongs of the ineffective assistance test.

## I.

Defendant contends the court erred in denying his Crim.P. 35(c) motion. He maintains that his counsel's failure to advise him accurately concerning the possible penalties he faced in this case rendered counsel's performance deficient and prejudiced him. We find no error in the court's determination of this matter.

■ When a defendant claims he has received ineffective assistance of counsel, a court must determine whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ To prevail, the defendant must establish: 1) that counsel's performance was deficient in that it fell below the level of reasonably competent assistance; and 2) that the deficient performance prejudiced the defense, resulting in a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Cole,* 775 P.2d 551 (Colo. 1989).

■ Because there is a presumption of validity attached to a judgment of conviction, the burden is on the defendant in his Crim.P. 35(c) proceeding to prove both elements by a preponderance of the evidence. *People v. Naranjo,* 840 P.2d 319 (Colo.1992).

■ Although justice does not demand errorless representation, constitutional standards requiring effective assistance of counsel demand that attorneys must satisfy minimal standards of competency. A defendant who relies on the advice of a legally trained representative when answering criminal charges is entitled to assume that the attorney will provide sufficiently accurate advice to enable the defendant to understand fully and to assess the legal proceedings in which he is involved. *People v. Pozo,* 746 P.2d 523 (Colo.1987).

■ When evaluating a defendant's claim of ineffective assistance based on omissions in advising a client, the trial court must

judge the reasonableness of the attorney's conduct on the basis of all of the factual circumstances of the particular case, viewed in light of the prevailing standards of minimally acceptable professional conduct. *People v. Pozo, supra.*

■ Furthermore, as a general rule, a trial counsel's erroneous assessment of the probable sentence does not constitute ineffective assistance of counsel. However, a statement constituting a promise as to the sentence to be imposed, rather than an expression of opinion only, may constitute ineffective assistance. *People v. Rael,* 681 P.2d 530 (Colo.App.1984).

■ The weight and credibility to be given the testimony of witnesses in a Crim.P. 35(c) hearing is within the province of the trial court and when there is sufficient evidence in the record to support the court's findings, its ruling will not be disturbed on review. *Lamb v. People,* 174 Colo. 441, 484 P.2d 798 (1971).

■ Based on the court's credibility findings here, there is ample basis to support the trial court's conclusion that defendant's counsel did not render ineffective assistance.

The record demonstrates that throughout these proceedings defendant maintained his innocence. To this end he testified that, although his attorney communicated to him a plea offer pursuant to which he would receive a sentence of no more than 24 years, he elected to proceed to trial and take the chance of receiving a shorter sentence. In contrast, defense counsel testified that defendant was offered a plea bargain involving a sentence of between 24 and 48 years, but that he rejected the offer because he did not want to serve any more than 20 years.

The trial court rejected, as illogical, defendant's testimony that he believed he could receive a shorter sentence by going to trial instead of accepting a plea bargain. The court concluded that defendant was not interested in accepting a lengthy sentence through a plea agreement and rejected his testimony that he was offered a plea bargain in which the sentence would be capped at 24 years. The court found the evidence of a plea bargain with a sentence of 24 to 48 years to be more compelling.

Furthermore, although noting certain inconsistencies in defense counsel's testimony and recognizing that counsel did not specifically discuss with the defendant the fact that one of the charges carried a mandatory consecutive sentence, the court, nonetheless, accepted as true the testimony of defendant's trial counsel that no promises were made concerning sentencing. Rather, defense counsel merely expressed his opinion that consecutive sentencing was rarely seen and that concurrent sentences were more likely. The court also accepted defense counsel's statements that he discussed the possibility with defendant of a lengthy sentence of at least 48 years and the possibility of discretionary consecutive sentencing. Under these circumstances, the court found that the failure of defense counsel to inform the defendant of mandatory consecutive sentences did not result in prejudice and, therefore, did not constitute ineffective assistance of counsel.

We are bound by the trial court's resolution of the conflict in the testimony. *People v. Chavez,* 902 P.2d 891 (Colo.App.1995).

The record supports the trial court's findings that defendant did not intend to accept a plea bargain with a sentence in excess of 20 years. Therefore, no prejudice was occasioned as a result of defense counsel's omission with respect to the mandatory consecutive sentence. Hence, we perceive no error in the court's denial of defendant's motion based on the claim of ineffective assistance of counsel. *See People v. Fulton,* 754 P.2d 398 (Colo.App.1987) (when a claim of ineffective assistance may be disposed of on the ground of lack of prejudice, there is no need to address the first prong of the *Strickland* test).

II.

■ Defendant also contends that the sentencing court erred in denying his third motion for reduction of sentence. We disagree.

Defendant was convicted and sentenced to the Department of Corrections in 1986. After certiorari was denied on his direct appeal

in June of 1989, defendant filed a motion for reduction of sentence pursuant to Crim.P. 35(b). In September of 1989 this motion was denied. A second motion for reduction of sentence, filed two months later, was also denied as untimely and repetitive.

Defendant subsequently filed the motion for sentence reconsideration at issue here in July of 1993. This motion was purportedly brought pursuant to § 16–11–309, C.R.S. (1986 Repl.Vol. 8A), as opposed to Crim.P. 35(b). The trial court denied this motion as well, concluding that defendant had not shown "good and meritorious cause to warrant correction/reconsideration of his sentence."

Section 16–11–309(1)(a), C.R.S. (1994 Cum. Supp.) provides, in pertinent part, as follows:

Any person convicted of a crime of violence shall be sentenced ... to a term of incarceration of at least the midpoint in the presumptive range, but not more than twice the maximum term, provided for such offense ... without suspension; except that, within ninety days after he has been placed in the custody of the department of corrections, the department shall transmit to the sentencing court a report on the evaluation and diagnosis of the violent offender, and the court, in a case which it considers to be exceptional and to involve unusual and extenuating circumstances, may thereupon modify the sentence, effective not earlier than one hundred twenty days after his placement in the custody of the department.

Defendant contends that his case is "exceptional" and that he has established "unusual and extenuating circumstances" which justify reduction of his sentence. The People respond that the trial court did not have jurisdiction to entertain the motion because it was filed over seven years after defendant's placement with the Department of Corrections. We agree that the court lacked jurisdiction under these circumstances.

When a defendant is convicted of a crime of violence, the statute requires the Department of Corrections to transmit a diagnostic report to the court within ninety days after a defendant has been placed and further authorizes the court to modify the sentence based on the report. The statute does not, however, specify a time period, after the filing of the report, within which a defendant may or must request action by the court or it may act on its own. Nor does the statute indicate any specific method of making any request.

Central to a determination of these issues is concern for the constitutional principle that only the executive department may modify a legally imposed criminal sentence after. the conviction upon which it is based becomes final. *See People v. Herrera*, 183 Colo. 155, 516 P.2d 626 (1973). Concomitantly, permitting a trial court to hold a timely motion for reduction of sentence in abeyance for months or years while a defendant builds a record of good conduct within the Department of Corrections would allow the district court's authority to be misused as a substitute for the executive department's power of parole or commutation. *Mamula v. People*, 847 P.2d 1135 (Colo.1993).

■ The plain language of the statute at issue does not provide an avenue, separate and apart from Crim.P. 35(b), by which a defendant may independently pursue a reconsideration of his sentence at any time or in some manner other than by a motion for reduction of sentence pursuant to Crim.P. 35(b). In contrast to the provisions of Crim.P. 35(b), this statute does not authorize a defendant to file a motion for reduction or reconsideration of sentence. Rather, it simply provides that the court may modify an existing sentence imposed for a crime of violence by acting on information provided by the Department of Corrections.

The statute permits a trial court to reconsider and reduce a previously imposed mandatory sentence for violent crime in the case of exceptional, unusual, and extenuating circumstances. *See People v. Wells*, 775 P.2d 563 (Colo.1989); *People v. Byrum*, 784 P.2d 817 (Colo.App.1989). The court may either reduce the sentence on its own initiative following the receipt of information from the Department of Corrections or it may do so based on a defendant's motion pursuant to Crim.P. 35(b). However, the trial court cannot consider a motion filed by a defendant for reduction of sentence based solely on

§ 16–11–309(1)(a), C.R.S. (1986 Repl.Vol. 8A), as that statutory provision does not trigger the court's jurisdiction to consider a sentence reconsideration motion. It merely authorizes a court to reduce a mandatory sentence imposed for a crime of violence.

■ Consequently, we conclude that the procedures and time frames set forth in Crim.P. 35(b) govern defendant's request. Absent timely action by the sentencing court on its own motion after receipt of the report referred to in the statute, a defendant convicted of a crime of violence may file a Crim.P. 35(b) request, and the court will have jurisdiction to rule upon the request within the limitations of that rule. *See People v. Beyer*, 793 P.2d 644 (Colo.App.1990), *overruled on other grounds, Robles v. People*, 811 P.2d 804 (Colo.1991).

Here, the motion by the defendant for sentence reconsideration pursuant to § 16–11–309, C.R.S. (1986 Repl.Vol. 8A) was not separately authorized by statute and, therefore, was not properly before the court. Nor was there a timely Crim.P. 35(b) motion pending before the court. Moreover, even if we assume, without deciding, that the sentencing court here treated the motion as one made under Crim.P. 35(b), the motion was untimely. *See Mamula v. People, supra*. Accordingly, there was no basis for the court to reduce defendant's sentence at the time of the third motion.

The orders are affirmed.

STERNBERG, C.J., and METZGER, J., concur.