The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Alan BELGARD, Defendant–Appellant.

No. 01CA0330.

Colorado Court of Appeals, Div. V.

May 9, 2002.

Certiorari Denied Nov. 18, 2002.

Ken Salazar, Attorney General, Julia A. Thomas, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Forrest W. Lewis, P.C., Forrest W. Lewis, Leonard M. Chesler, P.C., Leonard M. Chesler, Denver, CO, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Alan Belgard, appeals the order denying his second Crim. P. 35(b) motion for reduction of sentence. We affirm, but remand for correction of the mittimus.

In 1998, defendant was convicted of six felonies, including three crimes of violence. The court imposed the minimum sentence authorized under the crime of violence statute for these offenses, a total of thirty-six years in the custody of the Department of Corrections (DOC).

Defendant filed a timely Crim. P. 35(b) motion for reduction of sentence pursuant to § 16–11–309(1)(a), C.R.S.2001, which permits the court to modify an otherwise mandatory crime of violence sentence in cases that involve exceptional, unusual, and extenuating circumstances. The court found that such circumstances existed and reduced defendant's sentence to a total of eighteen years in the custody of the DOC.

A division of this court affirmed the judgment of conviction and the modified sentence. *People v. Belgard,* (Colo.App. No. 98CA1967, Apr. 6, 2000)(not selected for official publication).

Defendant then filed another timely Crim. P. 35(b) motion in the trial court, seeking further reduction of his sentence pursuant to § 16–11–309(1)(a). Concluding that § 16–11–309(1)(a) does not authorize more than one sentence reduction, the trial court denied the motion, and this appeal followed.

Defendant contends that the trial court erred in denying his second motion for reduction of sentence. He argues that, when read together, Crim. P. 35(b) and § 16–11–309(1)(a) permit more than one sentence reduction so long as the Crim. P. 35(b) motion is timely filed. We disagree.

The interpretation of statutes is a question of law subject to de novo review. *Hendricks v. People,* 10 P.3d 1231 (Colo. 2000).

Our task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To determine that intent, we look first to the plain and ordinary meaning of the statutory language. *People*

*v. District Court,* 713 P.2d 918 (Colo.1986). When the language is clear and unambiguous, the statute must be construed as written, without resort to interpretive rules and statutory construction. *People v. Zapotocky,* 869 P.2d 1234 (Colo.1994).

If, however, the statutory language lends itself to alternative constructions, and its intended scope is unclear, a court may apply other rules of statutory construction to determine which alternative construction is in accordance with the objective sought to be achieved by the legislation. *People v. Terry,* 791 P.2d 374 (Colo.1990).

A statute must be read and considered as a whole and should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court, supra.* An interpretation that renders a particular clause meaningless should be avoided. *People v. Terry, supra.*

Section 16–11–309(1)(a) provides in pertinent part that violent offenders must be sentenced to a term within the aggravated range,

> except that, within ninety days after he has been placed in the custody of the department of corrections, the department shall transmit to the sentencing court a report on the evaluation and diagnosis of the violent offender, and the court, in a case which it considers to be exceptional and to involve unusual and extenuating circumstances, may thereupon modify the sentence.

From the plain language of this statute, we conclude that the General Assembly intended to authorize only one sentence reduction by the court, after its receipt of the diagnostic report filed by DOC upon the defendant's placement there. *See People v. Williams,* 908 P.2d 1157 (Colo.App.1995)(§ 16–11–309(1)(a) authorizes the court to modify defendant's DOC sentence based on the diagnostic report). Indeed, the statute provides that, once the diagnostic report is filed, the court may "thereupon" modify the sentence. The clear import is that, because only one diagnostic report is contemplated and filed, there is only one opportunity to modify the sentence when that report is received. To construe the statute as permitting more than one reduction would, in our view, render the diagnostic report requirement meaningless.

Because there is no ambiguity in the statute, we necessarily reject defendant's assertion that the rule of lenity applies. *See People v. Pierrie,* 30 P.3d 816 (Colo.App. 2001)(rule of lenity is applied only to resolve unyielding statutory ambiguity). *See also People v. Wiedemer,* 852 P.2d 424 (Colo. 1993)(rule of lenity may not be applied to defeat the evident intention of the legislature).

We also reject defendant's assertion that more than one sentence reduction is permitted when Crim. P. 35(b) and § 16–11–309(1)(a) are read together. Multiple sentence reductions are permitted under Crim. P. 35(b), *see People v. Arnold,* 907 P.2d 686 (Colo.App.1995), but only if the sentence is reduced to a term within the statutory limits. *See People v. Smith,* 971 P.2d 1056, 1060 (Colo.1999). However, when, as here, a mandatory minimum sentence is reduced once pursuant to § 16–11–309(1)(a), no further reductions are permitted under Crim. P. 35(b) because the resulting sentence would be outside the statutory limits. *Cf. People v. Williams, supra* (trial court may rule on a defendant's Crim. P. 35(b) motion if the court has not already reduced the mandatory sentence for violent crime on its own motion).

Finally, we note that the mittimus here does not reflect the mandatory parole period required by § 18–1–105(1)(a)(V)(A) and (E), C.R.S.2001. Accordingly, on remand the trial court is directed to amend the mittimus to reflect that defendant is required to serve a five-year mandatory parole period following his release from prison. *See Craig v. People,* 986 P.2d 951 (Colo.1999).

The order is affirmed, and the case is remanded for correction of the mittimus.

Judge DAVIDSON and Judge NIETO concur.