25CA0159 Peo v Barrientos 03-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0159
El Paso County District Court No. 16CR4154
Honorable Lin Billings Vela, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Enrique Augustin Barrientos,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE JOHNSON
Pawar and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Kinniry Law Office, Janet Kinniry, Gardner, Colorado, for Defendant-Appellant

¶ 1    Defendant, Enrique Augustin Barrientos (Barrientos), appeals the postconviction court's order denying his motion seeking relief under Crim. P. 35(c) following an evidentiary hearing. We affirm.

## I.    Background

¶ 2    The prosecution charged Barrientos with three counts of sexual assault on a child as part of a pattern of abuse (SAOC-pattern). The charges were based on allegations that Barrientos touched the buttocks, breasts, and pubic area of his girlfriend's fourteen-year-old sister. At the time, Barrientos was nineteen years old and lived with his girlfriend's family.

¶ 3    As part of a plea agreement, Barrientos pleaded guilty to an added count of sexual assault on a child in exchange for a stipulated, indeterminate sentence of ten years to life of sex offender intensive supervised probation (SOISP). The district court imposed the stipulated sentence, but when Barrientos's probation and subsequent community corrections sentences were revoked, the court imposed an indeterminate term of four years to life in the custody of the Department of Corrections (DOC).

¶ 4    Barrientos timely filed a pro se Crim. P. 35(c) motion asserting various claims of ineffective assistance of plea counsel. The

1

postconviction court appointed Barrientos counsel, who filed a supplement raising additional claims of ineffective assistance of plea counsel. The court denied the motion (and supplement) without holding a hearing. Barrientos appealed. A division of this court reversed the order in part and remanded with instructions to hold a hearing on two claims — namely, allegations that:

(1) Barrientos's attorneys failed to conduct any investigation before advising him to plead guilty. Had they done so they would have discovered that the victim did not want to testify against him and "would not have." There was a reasonable probability that Barrientos would have rejected the plea offer and proceeded to trial if his attorneys had properly investigated and learned this information.

(2) Barrientos's plea was not knowing, voluntary, and intelligent as a result of his counsel's failure to investigate his case.

*See People v. Barrientos*, (Colo. App. No. 22CA0389, July 6, 2023) (not published pursuant to C.A.R. 35(e)). The division affirmed the postconviction court's order concerning Barrientos's claim that his plea was not knowing, voluntary, and intelligent due to his Fetal

Alcohol Syndrome (FAS) and the claims raised in his pro se motion. *Id.* at ¶ 19.

¶ 5    At the hearing held on remand, the postconviction court heard testimony from the two public defenders who represented Barrientos, postconviction counsel's investigator, Barrientos, and a criminal defense expert.  After the hearing, the court denied Barrientos's remaining claims in a written order.  As relevant here, the court found that there was "no reliable evidence that the victim would have refused to testify had the case gone to trial" and thus, counsel's failure to investigate was not prejudicial.  The court also found that even if the victim would not have wanted to testify, Barrientos's assertion that he would not have accepted the plea offer was not credible.

## II.    Standard of Review and Applicable Law

¶ 6    In reviewing the denial of a Crim. P. 35(c) motion after a hearing, we review conclusions of law de novo but defer to the postconviction court's findings of fact if they are supported by the evidence.  *People v. Villanueva,* 2016 COA 70, ¶ 28.  "The weight and credibility to be given the testimony of witnesses in a Crim. P. 35(c) hearing is within the province of the trial court and when

3

there is sufficient evidence in the record to support the court's findings, its ruling will not be disturbed on review." *People v. Williams*, 908 P.2d 1157, 1161 (Colo. App. 1995).

¶ 7  To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, meaning that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Dunlap v. People*, 173 P.3d 1054, 1062-63 (Colo. 2007). A postconviction court may reject an ineffective assistance of counsel claim if the defendant fails to demonstrate either deficient performance or prejudice. *See People v. Aguilar*, 2012 COA 181, ¶ 9.

### III. Failure to Investigate

¶ 8  Barrientos contends that, contrary to the postconviction court's findings, the evidence presented at the hearing established that (1) plea counsel performed deficiently by failing to conduct any investigation before advising Barrientos to plead guilty; and (2) had

plea counsel conducted an investigation, counsel would have discovered that the victim would have refused to testify at trial, which would have altered Barrientos's decision to plead guilty.

¶ 9    Resolving this claim on prejudice grounds alone, the postconviction court found that, even if counsel had interviewed the victim before advising Barrientos to accept the plea agreement, there was "no reliable evidence" that the victim would have refused to testify had the case gone to trial.  *See People v. Chambers*, 900 P.2d 1249, 1252 (Colo. App. 1994) ("Unless such investigation would have discovered substantial evidence which, if introduced, might reasonably have led to a different result, counsel's deficiency, if such it be, was not prejudicial.").

¶ 10    Based on the postconviction court's credibility determinations and factual findings, we perceive no error in the court's ruling. Specifically, in support of its finding, the court relied on testimony presented at the hearing that (1) the victim met with the prosecutor twice in 2017 — once approximately three months before the original trial date and again before the sentencing hearing; (2) at no point during these meetings did the victim indicate that she was unwilling to testify at trial and, during the second meeting, she

5

expressed concern that Barrientos had a girlfriend who was a minor; and (3) the victim never recanted the allegations she made against Barrientos, either in 2017 or four years later when she spoke to postconviction counsel's investigator. Based on this evidence, the court determined that while postconviction counsel's investigator "presented herself as credible," it "c[ould] not place much weight on her testimony" that the victim would not testify if the case had gone to trial. Instead, the court was persuaded that the victim's statements and cooperation with the prosecution in 2017 were more reliable than the statement the victim made to postconviction counsel's investigator four years later.

¶ 11    The postconviction court also found that, even if the victim truly did not want to testify in 2017, Barrientos's testimony — that if he had known that the victim did not want to testify, he would not have pleaded guilty — was not credible. The court rested this finding on evidence presented at the hearing that Barrientos wanted to plead guilty. Namely, the court observed that Barrientos (1) waived his preliminary hearing in order to keep negotiations open; (2) negotiated with the prosecutor who agreed to change the original offer from an "open" sentence to one that stipulated a sentence to

probation; and (3) filed his Crim. P. 35(c) motion only after his sentence was revoked for a second time and he was sentenced to the DOC.

¶ 12    Deferring to the postconviction court's assessment of Barrientos's credibility and decision to accord postconviction counsel's investigator's testimony little weight, *see Dunlap*, 173 P.3d at 1061-62, we conclude that the court did not err by determining that Barrientos failed to establish that, but for plea counsel's deficient performance, the result of the proceedings would have been different.  We acknowledge that reasonable minds might differ concerning whether the victim was planning to testify at trial and, if not, whether Barrientos would have rejected the plea agreement had he known this.  But it was the court's prerogative to weigh this conflicting testimony, *see Williams*, 908 P.2d at 1161, and we must defer to those factual findings unless they are clearly erroneous or lack the support of competent evidence in the record, *see People v. Kyler*, 991 P.2d 810, 819 (Colo. 1999).  Accordingly, we affirm the court's findings and conclusions.

IV.    New, Resolved, and Abandoned Claims

¶ 13     Barrientos also contends that plea counsel failed to consider the impact of his FAS on his ability to be successful on SOISP probation.  We decline to address this claim for two reasons.  First, to the extent this is a new claim, it was not raised in his Crim. P. 35(c) motion or at the hearing.  *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").  Second, to the extent this is the same FAS claim that was raised in Barrientos's supplemental motion, it is outside the scope of the remand order.  *See People v. Grassi*, 364 P.3d 1144, 1149 (Colo. App. 2011) (declining to address argument raised on appeal from proceedings on remand as "outside the limited scope of the remand").

¶ 14     For similar reasons, we also decline to address Barrientos's claim concerning the People's ability to charge him with three SAOC-pattern counts.  *See Goldman*, 923 P.2d at 375.

¶ 15     Finally, because Barrientos does not reassert his claim that his plea was not knowing, voluntary, and intelligent due to his

counsel's failure to investigate, we deem this claim abandoned and will not address it. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (failure to specifically reassert the claims the district court disposed of constitutes a conscious relinquishment of those claims on appeal).

## V. Conclusion

The order is affirmed.

JUDGE PAWAR and JUDGE GOMEZ concur.