**PUBLIC SERVICE COMPANY OF COLORADO, Petitioner,**

v.

**William B. JOHNSON and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 89CA0435.**

Colorado Court of Appeals,
Div. I.

Feb. 15, 1990.

Kelly, Stansfield & O'Donnell, Marla S. Petrini, Denver, for petitioner.

John Hoyman P.C., Katherine E. Allen, Greeley, for respondent Johnson.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John August Lizza, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge PLANK.

Public Service Company of Colorado, a self-insured employer, contests an order of the Industrial Claim Appeals Office (Panel) which determined that William B. Johnson (claimant) was entitled to temporary total disability benefits in addition to accrued vacation and sick leave. We affirm.

The claimant became totally disabled after suffering two admitted work injuries to his back. Claimant elected to receive disability benefits under the provisions of a long-term disability plan provided by the employer. *See* § 8–51–101(1)(d), C.R.S. (1986 Repl.Vol. 3B). To qualify for coverage under the plan, claimant was required to use all the vacation and sick leave accrued during his employment.

Because the compensation paid to claimant for vacation and sick leave exceeded the workmen's compensation benefits payable for the same period of time, the Administrative Law Judge (ALJ) denied claimant's request for temporary total disability benefits during the long-term disability qualifying period. The claimant appealed the ALJ's ruling, contending that he was entitled to workmen's compensation pursuant to § 8–52–107, C.R.S. (1989 Cum.Supp.). The Panel agreed with the claimant and set aside that portion of the order denying temporary disability benefits.

On review, the employer argues that the Panel erroneously interpreted § 8–52–107 and that the Panel's holding results in double compensation. We reject these contentions.

Our analysis proceeds from the principle that a statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment. *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo. 1989). If possible, the statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court*, 713 P.2d 918 (Colo.1986). The overall purpose of the Workmen's Compensation Act is "to relieve injured workers from the adverse economic effects caused by a work-related injury or occupational disease." *Grover v. Industrial Commission*, 759 P.2d 705 (Colo.1988).

Section 8–52–107 was enacted to insure that workmen's compensation benefits would be available to meet the needs of the injured employee and his dependents. The statute thus prohibits the transfer or assignment of workmen's compensation claims and benefits, and also exempts benefits from creditors' claims, levy, execution, and attachment. Section 8–52–107(2), C.R.S. (1989 Cum.Supp.) of the statute provides an exception to this general prohibition permitting reimbursement of an employer in certain circumstances. It states that an employer who:

"continues to pay a sum in excess of the temporary total disability benefits ... to any employee temporarily disabled as the result of any injury arising out of and in the course of his employment *and has not charged the employee with any earned vacation leave, sick leave, or other similar benefits shall be reimbursed if insured by an insurance carrier or shall take credit if self-insured to the extent of all monies that such employee may be eligible to receive as compensation or benefits....*" (emphasis added)

In addition, § 8–52–107(4), C.R.S. provides in pertinent part:

"When the payment by an employer to any such disabled employee is reduced to a sum equal to or less than the temporary total disability benefits ... *or when the employer has charged the employee with any earned vacation leave, sick leave, or other similar benefits for any reason, the rights of the employee to receive direct payment of any award ... that he may be entitled to on and after the effective date of such reduction shall be reinstated....*" (emphasis added)

Read together, these statutory subsections provide that an injured employee is entitled to compensation benefits and the employer may not claim a credit against such benefits, if the employer has charged the employee with any earned vacation leave, sick leave, or other similar benefits.

Here, it is undisputed that the employer charged claimant with earned vacation and sick leave for approximately six months during which time the claimant was using those benefits in order to qualify for the employer's long-term disability plan. Therefore, under the terms of § 8–52–107(2) and (4), the vacation and sick benefits paid to the claimant could not be deducted from, or credited against, the temporary disability benefits to which the claimant was entitled.

Moreover, we reject the employer's argument that our holding results in double compensation. Section 8–52–107 reflects a legislative determination that an injured employee should not be required to sacrifice earned benefits in order to obtain statutorily mandated workmen's compensation benefits. Indeed, it is generally recognized that vacation and sick pay are benefits earned by virtue of past services rendered and that, as such, these "earned" benefits should not be impaired by the employee's work-related injury. *See* 2 A. Larson, *Workmen's Compensation Law* § 57.46 at 10–164.53 (1989).

Contrary to the employer's argument, the statute itself makes no distinction between sick benefits that are "vested" or can be "cashed out" and those which cannot be. Therefore, in our view, to the extent that sick leave accrues based on the employee's length of service, it is an "earned" benefit within the meaning of § 8–52–107.

Order affirmed.

PIERCE and STERNBERG, JJ., concur.