**CITY AND COUNTY OF DENVER,**
Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Stephen Barnhill, Respondents.**

No. 03CA1769.

Colorado Court of Appeals,
Div. IV.

Aug. 26, 2004.

Certiorari Denied Jan. 24, 2005.

Cole Finegan, City Attorney, John D. Beckman, Assistant City Attorney, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Fogel, Keating, Wagner, Polidori, Shafner, Struthers & Heron, P.C., Kristin D. Sanko, Laurence J. Free, Denver, Colorado, for Respondent Stephen Barnhill.

Opinion by Judge LOEB.

Petitioner, the City and County of Denver, a self-insured municipal corporation (employer), seeks review of a final order of the Industrial Claim Appeals Office (Panel) awarding Stephen Barnhill (claimant) temporary partial disability (TPD) benefits for wages he lost from concurrent employment. We set aside the Panel's order.

Claimant, a police officer, suffered compensable injuries on December 6, 2001. Employer admitted liability, payment of temporary total disability benefits for two and one-half weeks, and responsibility for medical benefits. On February 4, 2002, claimant was transferred to limited duty, during which he performed some, but not all, of his usual duties, because certain duties were in excess of the physical and medical restrictions imposed as a result of his injury. While he was on limited duty, and pursuant to employer's wage continuation plan, claimant received full pay and benefits, which exceeded the maximum TPD rate, for a period of twenty-six weeks until he reached maximum medical improvement (MMI) on June 24, 2002.

At the time of the injury, claimant held concurrent employment as a security guard for a motel, earning $150 per week. As a result of his medical restrictions, and as a condition of the limited duty offered by employer, claimant was not allowed to continue his secondary employment. Claimant initially utilized sick leave for part of the period he worked in the limited duty section, but he applied for and was granted return of the sick leave because the injury was work-related.

Claimant filed for a hearing on the issue whether employer was obligated to pay him TPD benefits for the loss of income at his second job.

As pertinent here, in an order and supplemental order, the administrative law judge (ALJ) denied claimant's request for TPD benefits and determined that, under § 8–42–124(2)(a), C.R.S.2003, of the Workers' Compensation Act of Colorado (Act), employer was entitled to a credit against its liability for TPD benefits because it had paid claimant a sum in excess of the temporary disability benefits owed. The ALJ based his decision on the conclusion that employer did not charge claimant sick leave within the meaning of the statute because, upon claimant's request, it returned the sick leave he had previously used.

On review, the Panel disagreed and set aside the ALJ's order. The Panel concluded that, under the statute, once an employer effects an administrative decision to charge an employee sick or vacation leave, it may not recapture the statutory credit by returning or reinstating the benefit.

■ Employer contends that the Panel erred in concluding that it charged claimant sick leave within the meaning of § 8–42–124(2)(a). We agree.

Section 8–42–124(2)(a) provides in pertinent part:

> Any employer who . . . continues to pay a sum in excess of the temporary total disability benefits prescribed by [the Act] . . . *and has not charged the employee with any earned vacation leave, sick leave, or other similar benefits* shall be reimbursed . . . or shall take credit . . . to the extent of all moneys that such employee may be eligible to receive as compensation or benefits for temporary partial or temporary total disability. . . .

(Emphasis added.)

We disagree with the Panel that, under the circumstances here, the unambiguous language of § 8–42–124(2)(a) means that once claimant used sick leave for part of the time he worked on limited duty, any administrative charge employer made for that sick leave may not be rescinded and the statutory credit recaptured by employer's reinstatement of that benefit.

■ When a reviewing court construes a statute, it must determine and give effect to the intent of the legislature by affording the language of the statute its plain and ordinary

meaning. *See Midboe v. Indus. Claim Appeals Office,* 88 P.3d 643, 644 (Colo.App. 2003). A statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment. If possible, the statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. The overall purpose of the Act is to relieve injured workers from the adverse economic effects caused by a work-related injury. *See Pub. Serv. Co. v. Johnson,* 789 P.2d 487, 488 (Colo.App.1990). That overall purpose, however, must be viewed in light of the specific purpose of § 8–42–124(2)(a) to encourage employers to adopt wage continuation plans that benefit employees who suffer work-related injuries.

■ While we give considerable weight to an agency's interpretation of its governing statute, we will set aside actions or interpretations that are clearly erroneous, arbitrary, or otherwise not in accordance with the law. *Davison v. Indus. Claim Appeals Office,* 84 P.3d 1023, 1029 (Colo.2004).

■ Further, in workers' compensation proceedings, there is no distinction drawn between evidentiary findings and ultimate findings, and if an ALJ's findings of fact are supported by substantial evidence, they may not be altered by the Panel. *May D & F v. Indus. Claim Appeals Office,* 752 P.2d 589, 590 (Colo.App.1988).

In *Public Service Co. v. Johnson, supra,* a division of this court interpreted a previous version of § 8–42–124(2)(a) and held that vacation and sick leave benefits earned by and paid to the claimant could not be credited against temporary disability benefits to which the claimant was entitled. In that case, the division stated:

> Section [8–42–124] reflects a legislative determination that an injured employee should not be required to sacrifice earned benefits in order to obtain statutorily mandated workmen's compensation benefits. Indeed, it is generally recognized that vacation and sick pay are benefits earned by virtue of past services rendered and that, as such, these "earned" benefits should not be impaired by the employee's work-related injury.

*Pub. Serv. Co. v. Johnson, supra,* 789 P.2d at 489.

In *Johnson,* the employer had charged the claimant with his earned vacation and sick leave for six months, during which time he was using those benefits to qualify for the employer's long-term disability plan. It was undisputed that the employer had charged the claimant with such benefits and that the claimant was thereafter deprived of the economic value of those benefits. The employer claimed a credit for those charges against the claimant's workers' compensation disability benefits. Although the division in *Johnson* did not address the issue of a later return of earned sick leave benefits, the holding in that case was clearly based on the principle that a claimant should not have to suffer adverse economic effects by sacrificing earned benefits, such as sick leave, to obtain workers' compensation benefits.

Here, by contrast, employer returned and reinstated claimant's used sick leave once it was determined that claimant suffered a compensable injury. Accordingly, claimant's earned sick leave benefits were not sacrificed or impaired. Further, employer continued to pay claimant his full wages in excess of the temporary total disability benefits prescribed under the statute throughout the relevant period of time. Thus, the legislative purpose of § 8–42–124, as articulated in *Johnson,* is not violated by the ALJ's conclusion here that employer did not charge claimant for any earned sick leave and therefore was not liable for further temporary disability benefits.

■ The Panel's decision here was based on its similar conclusion in another case. However, we are not bound by decisions of the Panel in other cases. *See Midboe v. Indus. Claim Appeals Office, supra,* 88 P.3d at 645. Moreover, the case relied on by the Panel is distinguishable and does not support the Panel's statutory interpretation on the facts present here, because the employer's reinstatement of the sick leave in the prior case presented tax complications that prevented the claimant from being made whole from the initial loss of his earned benefit. Here, however, claimant admitted on cross-examination that his sick leave had been returned to him, and he made no claim of adverse tax consequences or other adverse

economic effects that impaired his earned benefits once they were returned to him. *See Pub. Serv. Co. v. Johnson, supra.*

We disagree with the Panel's conclusion that a strict and bright line interpretation of § 8–42–124(2)(a), which would not allow for a reinstatement of earned benefits and an analysis of whether those benefits were impaired, is necessary to carry out the Act's purpose of assuring the quick and efficient delivery of benefits to workers without the necessity of litigation. *See* § 8–40–102(1), C.R.S.2003. In order to give consistent, harmonious, and sensible effect to all parts of the Act, that purpose must be balanced against the evident purpose of § 8–42–124(2)(a) to encourage employers to adopt wage continuation and limited duty plans that provide full wages to an employee who has suffered a work-related injury, as was the case here. *Pub. Serv. Co. v. Johnson, supra,* 789 P.2d at 488. Absent a more flexible approach that allows an inquiry into whether an employee has, in fact, suffered an impairment of earned benefits by the employer's charge of such benefits, employers would have little or no incentive voluntarily to offer compensation in excess of statutory disability benefits during an employee's period of disability. In addition, there is no indication that the General Assembly intended that an employee be compensated twice under the circumstances present here.

Accordingly, we conclude that the Panel erred in setting aside the ALJ's findings that, under the circumstances here, employer did not charge claimant any earned sick leave and that employer is not liable for further TPD benefits.

The order is set aside.

Judge ROY and Judge VOGT concur.