**USF DISTRIBUTION SERVICES, INC. and Travelers Insurance Company, Petitioners,**

**v.**

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Steven D. Engebretson, Respondents.**

No. 04CA0044.

Colorado Court of Appeals, Div. III.

Nov. 18, 2004.

Certiorari Denied May 16, 2005.

Hall & Evans, L.L.C., Douglas J. Kotarek, Denver, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Law Office of John C. Bowes, John C. Bowes, Lakewood, Colorado, for Respondent Steven D. Engebretson.

PICCONE, J.

In this workers' compensation proceeding, USF Distribution Services, Inc. (USF), and its insurer, Travelers Insurance Company (insurer) (collectively respondent), seek review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the award of compensation benefits based upon the determination that Steven D. Engebret-

son (claimant) was an employee at the time of his industrial injury. We affirm.

Claimant worked as a truck driver for USF. On February 21, 2000, he entered into a three-year "Independent Contractor Agreement" (agreement) with USF, under which he leased the tractor truck that he owned and was to provide services as a delivery-driver. The agreement also required claimant to obtain and keep in force a "work accident and/or workers' compensation insurance policy." Section 3.6 of the agreement further stated that claimant could "satisfy this obligation by seeking [USF's] assistance in obtaining a policy negotiated by USF Distribution, or [claimant] may secure a policy through an applicable state sponsored program, or through a policy providing comparable benefits and issued by an insurance company qualified to write such coverage." Claimant subsequently obtained an occupational accident insurance policy negotiated by USF.

On November 12, 2002, claimant sustained severe injuries when he was involved in a motor vehicle accident during a delivery to one of USF's clients.

Claimant requested medical and compensation benefits pursuant to USF's workers' compensation insurance policy. The parties stipulated that the agreement contained the provisions specified in § 40–11.5–102(1), C.R.S.2004, that create the presumption of independent contractor status under § 40–11.5–102(4), C.R.S.2004. However, the administrative law judge (ALJ) determined that the occupational accident insurance program in which claimant participated pursuant to the agreement was substantially more limited than comparable coverage under the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.2004, and therefore, failed to satisfy the requirements of § 40–11.5–102(5), C.R.S.2004.

The ALJ also made various findings regarding the extent of control USF exercised over claimant and determined that claimant had overcome the statutory presumption that he was an independent contractor by clear and convincing evidence and that his injury was, therefore, compensable. Accordingly,

the ALJ awarded both medical and temporary total disability (TTD) benefits.

On review, the Panel upheld both the determination of claimant's status and the award of benefits.

I.

■ Respondent contends the ALJ erred in determining that the agreement did not provide coverage similar to that available under the Act. We disagree.

To recover workers' compensation benefits, the claimant must be an "employee" at the time of the injury. Section 8–41–301, C.R.S.2004. Section 8–40–301(5), C.R.S.2004, excludes from the term "employee" any person who is working as a driver under a lease agreement with a common carrier or contract carrier pursuant to § 40–11.5–102, C.R.S. 2004. Section 8–40–301(6), C.R.S.2004, further requires that "[a]ny person working as a driver with a ... contract carrier ... shall be offered workers' compensation insurance coverage ... consistent with the requirements" set forth in § 40–11.5–102(5).

Under § 40–11.5–102(4), a lease agreement containing the provisions set forth in § 40–11.5–102(1) shall be presumed to be prima facie evidence of an independent contractor relationship between the parties. This presumption can be overcome by clear and convincing evidence that, when factors not in the lease are considered, an employment relationship exists between the parties to the lease. Section 40–11.5–102(4); *Frank C. Klein & Co. v. Colo. Comp. Ins. Auth.*, 859 P.2d 323 (Colo.App.1993).

Section 40–11.5–102(5)(a), C.R.S.2004, also requires that a lease agreement must provide for coverage under workers' compensation or a private insurance policy that provides similar coverage. Section 40–11.5–102(5)(b), C.R.S.2004, defines the term "similar coverage" as disability insurance for on- and off-the-job injuries, health insurance, and life insurance, which shall be at least comparable to the benefits offered under the workers' compensation system.

Respondent maintains that to be in conformance with § 40–11.5–102, the lease had only to include language informing claimant

of the type of insurance that was required and the way it could be procured. Respondent argues that it then became claimant's obligation to make sure he was adequately covered. Thus, respondent argues the ALJ improperly focused on the nature of claimant's insurance and whether it was similar to the coverage available under the Act. We are not persuaded.

When a court construes a statute, it must determine and give effect to the intent of the General Assembly by affording the language of the statute its plain and ordinary meaning. *See Midboe v. Indus. Claim Appeals Office,* 88 P.3d 643 (Colo.App.2003). A statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment. *City & County of Denver v. Indus. Claim Appeals Office,* 107 P.3d 1019, 2004 WL 1900343 (Colo.App. No. 03CA1769, Aug. 26, 2004). Further, when two or more statutes address the same subject matter, the statutes should be construed together. *Kinder v. Indus. Claim Appeals Office,* 976 P.2d 295 (Colo.App.1998). An interpretation that renders a particular clause meaningless and without effect is to be avoided. *People v. Belgard,* 58 P.3d 1077 (Colo.App.2002).

We agree with the Panel that the obvious purpose of § 40–11.5–102(5) is to ensure that the lessor is not relieved of liability for workers' compensation benefits unless the independent contractor has comparable benefits available. That purpose is also expressed by the requirement in § 8–40–301(6) that a person working as a driver with a common carrier or contract carrier shall be eligible for and shall be offered either workers' compensation insurance coverage or similar coverage. If the General Assembly intended only that a lease contain some sort of notification of the type of insurance coverage required, the language in § 8–40–301(6) regarding the "offering" of coverage would be superfluous. Thus, the Panel correctly understood § 40–11.5–102(5) as contemplating that the lessee will obtain either workers' compensation insurance through a state sponsored program or similar coverage under a private insurance policy. The ALJ's inquiry into whether the private insurance policy purchased by claimant satisfied the requirements of § 40–11.5–102(5)(a) & (b) was, therefore, both proper and necessary.

## II.

Respondent contends that the ALJ erred in determining that the insurance coverage under claimant's policy failed to satisfy § 40–11.5–102(5). Respondent maintains that the coverage required under § 40–11.5–102(5)(b) does not have to be identical to the coverage provided under the Act. Respondent further asserts that claimant's private policy provided comparable benefits in that there was coverage for temporary and permanent disability, medical benefits, death benefits, and loss of limb. Again, we disagree.

Section 40–11.5–102(5)(b) specifically states that the benefits offered under the "similar coverage" "shall be *at least comparable* to the benefits offered under the workers' compensation system" (emphasis added). As the Panel noted, the term "comparable" is defined as "similar or equivalent." *Webster's New Collegiate Dictionary* 226 (1981).

Here, we are satisfied that the record substantially supports the ALJ's determination that respondent failed to offer a private policy that conformed to the requirements of § 40–11.5–102(5). It was undisputed that claimant's policy contained caps on the rate of TTD, wage loss, and medical benefits that were lower than those imposed under the Act.

Under claimant's policy, claimant's medical benefits terminate after one year, compared to potentially indefinite medical benefits under the Act. The maximum weekly benefit for disability under claimant's policy is $350 until age seventy, compared to $659.12 until the date of death or the date the employee is no longer totally disabled under the Act. Other differences include: claimant's policy provided for temporary disability benefits capped at 53% of the rate of TTD under the Act; the wage loss benefits were limited to 104 weeks, compared to no limitation under the Act; and the maximum medical benefit was $1 million payable for 52 weeks from the date of the accident, compared to no limitation under the

Act. Although claimant's policy provided some benefits that were more generous, such as $300,000 allowed for accidental death and dismemberment benefits, significant differences in coverage remained.

## III.

■ Respondent finally contends the ALJ erred in determining that the exception set forth in § 8–40–301(5) did not apply and that claimant was an "employee" for purposes of the Act. Respondent argues that claimant's failure to secure complying coverage could not change his status from that of an independent contractor to that of an employee. We disagree.

Section 8–40–301(5) was enacted simultaneously with § 8–40–301(6) and § 40–11.5–102(5). *See* Colo. Sess. Laws 1992, ch. 224 at 1798–801. The purpose of these amendments was to clarify that drivers working for contract carriers under qualifying lease agreements are to be treated as "independent contractors" for purposes of workers' compensation benefits liability. Prior to the amendments, the Department of Labor and Employment had applied a more expansive definition of "employee" and treated many drivers as covered under workers' compensation. *Frank. C. Klein & Co. v. Colo. Comp. Ins. Auth., supra.*

We recognize that § 8–40–301(5) evidences a clear legislative intent to exclude leased drivers from the definition of "employee." *See FFE Transp. Servs., Inc. v. Indus. Claim Appeals Office,* 93 P.3d 630 (Colo.App.2004)(recognizing General Assembly's intent to exclude independent contractors and their drivers from the class of statutory employees); *Scott v. Matlack,* 1 P.3d 185 (Colo.App.1999)(holding that leased driver who was also sole owner of his business and who had elected workers' compensation coverage under lease, was not an "employee" pursuant to § 8–40–301(5) and had not surrendered his right to pursue a tort action against the lessor), *rev'd on other grounds,* 39 P.3d 1160 (Colo.2002). However, when that statute is viewed in combination with both § 8–40–301(6) and § 40–11.5–102(5), *see Frank C. Klein & Co. v. Colo. Comp. Ins. Auth., supra* (§ 40–11.5–102 applies to the

Act), it becomes clear that the exclusion takes effect only when the lease agreement includes complying coverage. The scheme created by these statutes shares the same purpose underlying the statutory employer provision, *see* § 8–41–401(1)(a), C.R.S.2004, which is to prevent an employer from evading compensation coverage by contracting out work instead of directly hiring the workers. *Curtiss v. GSX Corp.,* 774 P.2d 873 (Colo.1989); *see also FFE Transp. Servs., Inc. v. Indus. Claim Appeals Office, supra* (upholding application of exception, but only where complying insurance coverage was provided).

Respondent appears to have conceded this interpretation when it acknowledged in its position statement to the Panel that claimant could overcome the presumption of an independent contractor agreement by presenting evidence that the occupational accident policy did not meet or exceed the standards set forth in § 40–11.5–102(5).

Respondent alternatively argues both that claimant is, and that he is not, an independent contractor under § 8–40–202(2)(a), C.R.S.2004. However, pursuant to § 8–40–202(2)(c), C.R.S.2004, nothing within that statutory section is to conflict with § 8–40–301 or otherwise relieves any obligation imposed therein. Consequently, because applying the exception in this instance would conflict with the obligation to provide complying insurance imposed in § 8–40–301(6), we conclude that § 8–40–202(2)(a) does not apply. *See Scott v. Matlack, supra* (holding that General Assembly intended to single out leased drivers and that § 8–40–202(2), C.R.S. 2004, is inapplicable).

Accordingly, we conclude that claimant could establish his status as an "employee" of respondent for purposes of the Act either by overcoming the presumption created under § 40–11.5–102(4) with clear and convincing proof or by showing that he was not offered coverage that satisfied the requirements set forth in § 40–11.5–102(5). Because claimant established that the policy negotiated through respondent did not comply with those requirements, we need not reach the

issue of whether he otherwise established the existence of an employment relationship.

The order is affirmed.

Judge TAUBMAN and Judge VOGT concur.