**Michelle ELLER, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Boulder Valley School District, Respondents.**

No. 08CA2274.

Colorado Court of Appeals,
Div. V.

Sept. 3, 2009.

Rehearing Denied Oct. 29, 2009.

Christopher Forsyth, Denver, Colorado, for Petitioner.

John W. Suthers, Attorney General, Katie A. Allison, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., T. Paul Krueger, Denver, Colorado, for Respondent Boulder Valley School District.

Opinion by Judge NEY.*

In this workers' compensation proceeding, Michelle Eller (claimant) appeals from the final order issued by the Industrial Claim Appeals Office (Panel) upholding the denial and dismissal of her claim. We affirm.

## I. Background

Claimant alleged that she sustained an industrial injury on June 28, 2006. According to claimant, she was sitting in the break room when her chair toppled over, causing her to fall backwards and to strike her head and neck on the tile floor. Her employer, Boulder Valley School District, provided medical treatment, but did not admit to liability.

Claimant's authorized treating physician (ATP) placed her at maximum medical improvement (MMI) on August 1, 2007, and provided a permanent impairment rating for her injury. Employer filed a notice of contest and, by order of a prehearing administrative law judge, obtained relief from the time requirements for admitting liability and

initiating the division-sponsored independent medical examination (DIME) process under sections 8–42–107(8) and 8–42–107.2, C.R.S. 2008. Claimant then applied for a hearing, endorsing several issues including compensability. Employer's response also endorsed that issue.

The administrative law judge (ALJ) discredited claimant's testimony as inherently contradictory and unreliable, and found her account of the accident and the mechanism of the injury improbable and unsupported by any persuasive evidence. In contrast, the ALJ expressly credited the testimony of several of employer's witnesses, most notably that of a physician who performed an independent medical examination (IME) and opined that claimant's impairment was not causally related to the effects of the chair incident. The ALJ determined that claimant did not report sustaining an injury from the accident and had failed to show that it was more probable than not that she suffered an injury at work. Therefore, the ALJ denied and dismissed her claim.

The Panel affirmed on review.

## II. Failure to Request a DIME

■ Claimant first contends that, because employer did not initiate the DIME process to challenge the ATP's findings as to MMI and permanent impairment, the ATP's opinion that claimant sustained a work injury was binding and the ALJ was divested of jurisdiction to consider the issues of causation and compensability. We disagree.

■ The right to workers' compensation benefits, including medical payments, arises only when an injured employee initially establishes, by a preponderance of the evidence, that the need for medical treatment was proximately caused by an injury arising out of and in the course of the employment. § 8–41–301(1)(c), C.R.S.2008; *Faulkner v. Indus. Claim Appeals Office,* 12 P.3d 844, 846 (Colo.App.2000). Whether a compensable injury has been sustained is a question of

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

fact to be determined by the ALJ. *Snyder v. Indus. Claim Appeals Office,* 942 P.2d 1337, 1339 (Colo.App.1997).

■ Section 8–42–107(8) provides for the selection of a DIME physician in order to dispute the ATP's determination concerning either MMI or permanent impairment. The failure to do so in a timely manner results in the ATP's findings and determination becoming binding under section 8–42–107.2(2)(b), C.R.S.2008. Because a worker must first show that the worker's impairment was caused by a work-related injury, an ATP's opinion does not alone establish a right to benefits, and if causation has not been proved, the ATP's findings and determination are inconsequential for purposes of compensation. *Heinicke v. Indus. Claim Appeals Office,* 197 P.3d 220, 223 (Colo.App. 2008).

■ Here, the issue before the ALJ was whether claimant had sustained a compensable injury in the first instance. Employer did not challenge either the MMI determination or the impairment rating. Although an inquiry into the relatedness of a particular component of a claimant's overall impairment will carry presumptive effect when determined by a DIME, *see Qual–Med, Inc. v. Indus. Claim Appeals Office,* 961 P.2d 590, 592 (Colo.App.1998), the issue of causation in this case concerned only the threshold showing necessary to prove compensability. Further, contrary to claimant's position, the applicable statutory scheme grants no decisional authority to the ATP to determine causation as it pertains to compensability. Nor does it otherwise bestow any special weight on an ATP's medical opinion concerning that issue.

Thus, the ATP's MMI determination and impairment rating did not divest the ALJ of jurisdiction or relieve him of the obligation to determine whether claimant sustained an injury that was causally related to her modified work duties.

### III. Equal Protection

■ Claimant next contends that her right to equal protection was violated because she was required to litigate the issue of compens-

ability under the ALJ's incorrect interpretation of sections 8–42–107(8) and 8–42–107.2(2)(b). As we understand her argument, claimant asserts that employer gained an unfair advantage by being permitted to contest causation without first obtaining a DIME because it did not have to overcome presumptive evidence. Conversely, she argues that her inability to request a DIME in the absence of a final admission of liability unfairly disadvantaged her. We are not persuaded by either argument.

■ The threshold question in any equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. *Indus. Claim Appeals Office v. Romero,* 912 P.2d 62, 66 (Colo. 1996); *Cordova v. Indus. Claim Appeals Office,* 55 P.3d 186, 190–91 (Colo.App.2002).

■ Because access to workers' compensation benefits is not a fundamental right, the rational basis test also applies. Under that standard, the party asserting the statute's unconstitutionality must show that the classification lacks a legitimate governmental purpose and is without a rational basis. *Dillard v. Indus. Claim Appeals Office,* 134 P.3d 407, 413 (Colo.2006).

Claimant's argument presupposes that the results of any DIME would favor her claim for compensation. We reject this presupposition because it is unsupported by the record or the law. Consequently, we fail to understand how the lack of a DIME can be seen as a benefit or detriment to either party. Similarly, because compensability remained a factual question for determination by the ALJ without application of an enhanced burden of proof, claimant's inability to procure a DIME posed no disadvantage her.

Claimant's argument also ignores the basic elements necessary for an equal protection challenge: she makes no showing that employers and employees are similarly situated for purposes of the DIME scheme or that the different events which trigger selection of the DIME for employers and claimants do not rationally further the purposes of that scheme.

Accordingly, claimant's equal protection argument necessarily fails. *See Safeway, Inc. v. Indus. Claim Appeals Office,* 186 P.3d 103, 107 (Colo.App.2008) (equal protection challenge must fail where no support or authority is shown to establish employers and claimants are similarly situated).

## IV. Vagueness

■ Claimant next contends that the DIME scheme as applied by the ALJ, including section 8–42–107.2(2)(b), is unconstitutionally vague. Again, we disagree.

■ A statute violates due process when it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess as to its meaning and differ as to its application. However, no vagueness problem exists if a party strains to inject doubt as to the meaning of words where no doubt would be perceived by the normal reader. *White v. Indus. Claim Appeals Office,* 8 P.3d 621, 625 (Colo.App.2000).

Claimant asserts that the ALJ's order can only stand if section 8–42–107.2(2)(b), which requires that a party disputing "a finding or determination of the [ATP]" must request selection of a DIME, is read to include the phrase, "except when the employer contests compensability." However, claimant's interpretation overlooks the principles of statutory construction that provisions addressing the same subject matter must be construed together and that statutory schemes must be read as a whole. *See USF Distrib. Servs., Inc. v. Indus. Claim Appeals Office,* 111 P.3d 529 (Colo.App.2004). Reading section 8–42–107.2.(2)(b) in conjunction with section 8–42–107(8), as we must, it is clear that the statutes contemplate a challenge through the DIME process only to determinations made by the ATP concerning MMI and impairment. As previously noted, the entire scheme is premised on the assumption that the worker has incurred a compensable injury under section 8–41–301; the pertinent statutes give no special weight to an ATP's medical opinion concerning the threshold question of causation and they reserve that determination for the ALJ. Consequently, section 8–42–107.2(2)(b) is not vague and claimant has shown no due process violation.

## V. Evidentiary Rulings

Claimant challenges several of the ALJ's evidentiary rulings, arguing that they were erroneous and prejudicial and require that the dismissal of her claim be set aside. We conclude that the errors, if any, were harmless.

■ Claimant first complains about the ALJ's admission of the police reports, which she asserts contained inadmissible hearsay. However, even if the reports were erroneously admitted, no reversible error occurred. The ALJ's order shows no reliance on the reports for any purpose, including an assessment of claimant's credibility. Indeed, the ALJ referred to other, substantial evidence in support of that determination. *See United Mech. Contractors, Inc. v. J.D. Indus. Insulation, Inc.,* 472 P.2d 201, 202 (Colo.App. 1970) (not published pursuant to C.A.R. 35(f)) (where the findings of the court are supported by competent evidence, it is presumed that hearsay evidence was disregarded by the court in reaching its conclusions and judgment will not be reversed because of the admission of such evidence).

■ Claimant also asserts that she was surprised by her supervisor's testimony concerning the mechanism of the injury. However, as the Panel notes, claimant did not object to the supervisor's testimony about claimant's statements to him concerning the alleged fall, his descriptions of his trying to recreate it, or his investigation of the circumstances. Thus, we agree with the Panel that claimant's subsequent objection to the supervisor's description of the mechanism of the fall using a chair as demonstrative evidence did not preserve the specific contention she now raises. *See* CRE 103(a)(1); *Cordova,* 55 P.3d at 191 (challenge to admission of evidence is waived on appeal if no specific objection was made below).

■ In a related contention, claimant argues that the ALJ erred by not permitting her to present the testimony of a lay witness after the hearing in order to rebut the supervisor's testimony. Because we have con-

cluded that claimant waived her objection of surprise, the ALJ's refusal to accept the evidence post-hearing did not constitute an abuse of discretion. *See IPMC Transp. Co. v. Indus. Claim Appeals Office,* 753 P.2d 803, 804 (Colo.App.1988) (ALJ has wide discretion to control the course of a hearing and to make evidentiary rulings).

The order is affirmed.

GRAHAM and PLANK *, JJ., concur.